**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-1732**

PAULO JAMES SSEKAMWA; JACKIE SARAH MATOVU,

Petitioners,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A70-306-640; A78-234-494)

Submitted:  November 17, 2004        Decided:  December 13, 2004

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

James T. Reynolds, PAUL SHEARMAN ALLEN & ASSOCIATES, Washington, D.C., for Petitioners.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paulo James Ssekamwa and Jackie Sarah Matovu, natives and citizens of Uganda, petition for review of the Board of Immigration Appeals ("Board") order dismissing the appeal from the denial of a motion to reconsider or reopen. The Petitioners sought to reopen the immigration judge's decision denying their application for cancellation of removal. We dismiss the appeal.

The Attorney General may cancel removal of an alien from the United States if the alien: (1) has been physically present in the United States for a continuous period of not less than ten years immediately preceding the date of such application; (2) has been a person of good moral character during this period; (3) has not been convicted of certain enumerated offenses; and (4) establishes that removal would result in "exceptional and extremely unusual hardship" to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. 8 U.S.C. § 1229b(b)(1) (2000). The immigration judge denied the application after finding Ssekamwa failed to demonstrate his and his wife's removal would result in exceptional and extremely unusual hardship to their daughter who was born in the United States. The Petitioners filed a motion to reopen or reconsider submitting evidence regarding their daughter's health. The motion was denied. On appeal, the Board found the

Petitioners failed to show an exceptional and extremely unusual hardship with respect to their daughter.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2000), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," cancellation of removal. We are without jurisdiction to review the Board's finding that the Petitioners failed to show an exceptional and extremely unusual hardship.

We have not considered the new evidence the Petitioners submitted to this Court in the joint appendix. Our review is limited to the administrative record. 8 U.S.C. § 1252(b)(4)(A) (2000).

We find the Petitioners' argument that the appeal from the immigration judge's denial of the motion to reopen and reconsider was also timely as to the decision denying asylum, withholding of removal and cancellation of removal is without merit. We are without jurisdiction to review the immigration judge's denial of asylum, withholding of removal and cancellation of removal.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

- 3 -